FILED - GR
September 13, 2012 9:52 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: JEA /   SCANNED BY: JA / 9/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

DOUGLAS T. JOHNSON,

    Plaintiff,

-v-

                              Case No: 1:12-CV-935

COUNTY OF KENT, KENT
COUNTY SHERIFFS DEPT.
UNKNOWN HEALTH CARE
PROVIDER,

    Defendants.
_____/

## EX-PARTE MOTION FOR EMERGENCY RELIEF

Now comes the Plaintiff, Douglas T. Johnson, In Forma Pauperis, and moves this Honorable Court to order the Defendant's to immediately release the Plaintiff from custody on his own personal recognizance, or in the alternative, on GPS Tether and in support states as follows:

1. On August 13th, 2012 Defendants had caused Plaintiff to be detained on a charge of False Pretences over 1K-20K relating to a transaction that only involved fifteen hundred ($1,500.00) dollars,

2. The transaction was between Plaintiff and an individual named Laurel Ellis who is currently being charged in this Court with Manufacturing & Delivery of a large Amount of marijuana who retained Plaintiff to perform various lobbying and other services along with Attorney Randall Collins. However,

due to deteriorating family health issues & after becoming more familiar with Mr. Ellis' case, it was determined that Plaintiff was unable to provide any services that would benefit Mr. Ellis and therefore terminated his relationship with Mr. Ellis and Attorney Collins.

4. Prior to informing Plaintiff that they were in any way dissatisfied with Plaintiffs services either Mr. Ellis and/or Attorney Collins filed a complaint with the Kent County Sheriffs Department or the Grand Rapids Police Department alleging some form of fraud, a copy of said complaint has yet to be seen by Plaintiff despite almost a month of detention and other losses suffered by Plaintiff and his family.

5. In addition, during this time of detention Plaintiff has not received proper medical care for the terminal illness he was diagnosed with on November 16th, 2001 by Neurologist Dr. Julie Hile, specifically Multiple Sclerosis.

6. Despite Defendant's being given a detailed list of medications and dosages with the contact information of the prescribing doctors, Defendants have refused to provide Plaintiff these medications and have instead took it upon themselves to prescribe alternate medications that have been ineffective and have caused Plaintiffs serious health condition to worsen.

7. In the only instance where Defendant's reluctantly tried to provide Plaintiff with his weekly interferon injection manufactured by Avonex, they failed to keep it refrigerated and it spoiled. After Plaintiff refused to take the spoiled medication on August 27, 2012 they led Plaintiff to believe that they obtained a new batch of Avonex on September 7, 2012. However, after

mixing the medication and taking the injection it became obvious the medication was from the same spoiled batch. Plaintiff did not experience any of the flu like symptoms after the nurse injected him in the wrong area that is expected from a usable dose of Avonex indicating that the shot administered on September 7th, 2012 was either from the original batch or a new batch Defendants left unrefrigerated too long again.

8. It is important to point out that recently one of the Defendant's representatives was questioned by a reporter for the Grand Rapids Press who made numerous statements that were untrue. Capt. Kevin Kelley of the Kent County Sheriff's Department is quoted as saying that "Johnson is getting all the medication that he uses" and that "His family brought the medication to the jail" knowing both these statements to be untrue. Plaintiff is not getting any of the medication that has been prescribed to him for over 10 years nor did any of his family members bring medication to the jail. Plaintiff's wife is the only family member who has access to his medication and she has been unable to drive from Holland to Grand Rapids due to the repeated seizures she has had since Plaintiffs detention. The truth of the matter is the Defendant's obtained the Avonex from CVS Pharmacy but failed to keep it refrigerated. Then after being told that they let it spoil and not wanting to throw away over $5,000.00 in medication, they lied to Plaintiff to trick him into taking unusable & most likely unsafe medication.

9. It can not be disputed that on August 27th, 2012 one of Defendant's representatives tried to mislead a 63rd District Court Judge into believing that Plaintiff was faking his illness, nor can it be disputed that a different representative lied to the Press and the general public as to how the jail

obtains the medication to administer to Plaintiff, or if Plaintiff is actually getting the proper medication to treat his terminal illness. Such being the case, how is Plaintiff supposed to trust these Defendants to properly care for his terminal illness while in their custody.

10. In light of the amount of deaths that have occurred at Defendants facility this past year alone, the amount of detainees the Plaintiff has seen in the past month receive improper care including a preventable amputation of a foot, and the Defendant's tricking Plaintiff into injecting spoiled medication, how can this Court conclude that Defendant's conduct is acceptable & appropriate and leave Plaintiff in their custody receiving what amounts to third-world medical care.

11. The Plaintiff faces a relatively minor offense in comparison to what these Defendants are subjecting Plaintiff to on a daily basis (i.e. increased muscle spasms, increased pain in lower extremities, blurred vision that did not exist prior to detention, increased numbness in arms & hands, and other issues directly related to not being given medication that has been prescribed to Plaintiff for over 10 years) which is easily correctable by ordering these Defendants to release Plaintiff on his own personal recognizance or on GPS tether so that he can provide his own medical care at home, as he has the past 10 years, while he defends himself from the unwarranted charge brought by these Defendants for questionable purposes.

In summary, the Plaintiffs health is quickly deteriorating needlessly and without justification. The Plaintiff should not face losing his sight, his ability to walk, or even death over a "$1,500" dispute with a suspected drug dealer. It is the Plaintiffs hope that this Court will agree and issue its order

Directing Defendants to immediately release Plaintiff as terms this Court deems appropriate & just, so that Plaintiff has access to healthcare he has been denied by Defendants, properly defend himself from unwarranted charges, and diligently pursue his claim in this action.

Respectfully Submitted,

September 11th, 2012

Doug T. J[signature]

Douglas T. Johnson
703 Bell Avenue N.E.
Grand Rapids, Michigan 49503